IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF,

    Plaintiff,

v.

JUDGE JAMES BONIFANT,
JUDGE SHARON BURRELL,

    Defendants.

Civil Action No.: PJM-23-1563

## MEMORANDUM OPINION

Self-represented plaintiff Graham Schiff filed this civil rights complaint on June 8, 2023, together with a Motion to Proceed in Forma Pauperis, which the Court now grants. For the reasons that follow, the Complaint must be dismissed.

Schiff is suing two judges from the Circuit Court for Montgomery County, Maryland in connection with their involvement in two criminal prosecutions against him for stalking. Schiff explains that in the first case against him, Case #131537C, he became convinced as a result of his mental illness that "he had a duty to romantically pursue the daughter of the fake victim, because he'd been selected by space aliens etc." ECF 1 at 7. On January 31, 2017, he was arrested and charged with attempted burglary and harassment "after being found outside the fake victim's apartment, shortly after text-messaging her stating he intended to break in and 'have his way with her.'" *Id.* In the second case, Case #136380C, Schiff was charged with stalking and harassment of the prosecutor involved in the first case against him. ECF 1 at 8. Schiff was arrested on July 19, 2019 but characterizes his arrest as being "kidnapped by a specialized unit of the Montgomery County police." *Id.* at 9.

Schiff claims that Judge Bonifant, who is the administrative judge for the circuit court, failed to refer Schiff's post-conviction petition challenging his conviction in Case #131537C to another judge for adjudication. ECF 1 at 9. As a result, his petition, which he filed in March of 2021, remained pending as of May 30, 2023. *Id.* Schiff asserts that Judge Bonifant's "refusal to act on Schiff's Post-Conviction petition is an omission that is in absence of all judicial jurisdiction, requiring declaratory relief pursuant to 42 U.S.C. § 1983." *Id.* at 10. Schiff concludes that Judge Bonifant's refusal to refer the pleadings filed in his criminal cases has deprived him "of his equal protection rights . . . requiring declaratory relief from this court." *Id.*

Schiff claims that Judge Burrell was the trial judge in Case #136380c and during a hearing on May 14, 2021, she informed Schiff she would refer his "unadjudicated Feb. 2021 habeas petition" to the administrative judge. ECF 1 at 10. After Schiff was convicted, Judge Burrell dismissed the habeas petition as moot because "Schiff was no longer incarcerated." *Id.* Schiff further states that in December of 2022, he was "incarcerated on a fake charge perpetuated by Supreme Court Justice Brett Kavanaugh after he'd learned that the plaintiff had inquired to his wife as to whether she was attracted to perverted bad boys such as the plaintiff" and filed another state petition for a writ of habeas corpus. *Id.* at 10-11. Judge Burrell again dismissed the petition as moot, a decision Schiff claims was incorrect and should not have been decided by Judge Burrell. *Id.* at 11.

Lastly, Schiff claims that both judges "conspired to violate th[e] law, to obstruct justice and deny Schiff of his equal protection rights, violating both USC 1983 and 1985, requiring declaratory relief from this court." ECF 1 at 12. The "law" Schiff refers to is that the administrative judge is required to initiate process on a post-conviction petition after it is filed and a state habeas corpus petition must be referred to a judge other than the trial judge. *Id.* at 11-12.

2

Schiff's theory is that the judges are conspiring against him because the victim in the second case against him is a State's Attorney whose father is a member of the Maryland Judiciary. *Id.* at 11.

As noted, Schiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations .... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-723 (4th Cir. 1989).

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). To the extent that Schiff seeks an order requiring defendants to "pay the debts imposed" as a result of his criminal prosecutions, the claim is barred and may not proceed.

The remaining relief requested by Schiff is for a declaratory judgment stating that Judge Bonifant and Judge Burrell have engaged and conspired to engage in a pattern or practice that

3

deprived him of his right to equal protection under the Fourteenth Amendment. ECF 1 at 12. Additionally, Schiff seeks a declaration stating that defendants' failure to recuse themselves from any involvement in cases regarding Schiff is a violation of equal protection and due process; and that defendants willfully violated his Eighth Amendment rights when they deprived him of his liberty, illegally incarcerated him, and placed him on probation. *Id.* at 12-13.

Judicial immunity does not prohibit injunctive relief against a state court judge. *See Puliam v. Allen*, 466 U.S. 522, 538-39 (1984), *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Like injunctive relief, declaratory relief is an equitable form of relief which requires the party seeking such relief to demonstrate that there is no adequate remedy at law and, absent the grant of such relief irreparable harm will result. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (instructing federal district courts to apply the same equitable principles relevant to the propriety of an injunction when deciding whether to issue a declaratory judgment). "[W]here an injunction would be impermissible . . . declaratory relief should ordinarily be denied as well." *Id.* However, the Supreme Court has cautioned that "Federal judges . . . should not sit in constant supervision of the actions of state judicial officers, whatever the scope of authority under § 1983 for issuing an injunction against a judge." *Pulliam*, 466 U.S. at 539. Considerations of comity must still apply to limit the need for such an intrusion. *Id.*

The relief contemplated by the provision contained in § 1983 presupposes that the declaratory or injunctive relief pertains to enforcement of an unconstitutional law or practice. For example, the Court in *Pulliam* upheld a federal district court's award of injunctive relief against a Virginia state magistrate who imposed bail on persons arrested for nonjailable offenses under

Virginia law and incarcerating those who could not meet bail, after the district court found the practice violated due process and equal protection. *Id.* at 524-25. In this case, Schiff seeks a declaration that the defendant-judges did not follow administrative rules in place for assignment of cases filed in the Circuit Court for Montgomery County. Schiff does not have a constitutional right to a post-conviction hearing, nor does he have a constitutional right for a habeas corpus petition to be decided by a judge that was not involved in prior proceedings. Even if Schiff has such a right under Maryland law, there is nothing presented in the complaint to suggest that a federal constitutional right is implicated by the failure to assign a judge to consider his post-conviction petition, or by the trial judge denying his habeas corpus petition.

Furthermore, Schiff's conclusory claim that these judges conspired against him lacks the essential element of agreement between the parties. *See Ballinger v. NC. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagon v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981); *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946) (noting that it was necessary for defendants to share a "unity of purpose or a common design" to cause injury).

For these reasons, the Complaint must be dismissed for failure to state a claim. A separate Order follows.

6/14/23
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

5